FILED

2018 Jul-09  PM 12:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| Huntsville International Research Institute a/k/a HIRI; Kevin Matthews; Jacquelene Reid; and Dr. L.S. Riggins,  )  )  )  ) | |
| Plaintiffs,  ) | |
| vs.  )  ) | Case Number: |
| Beverly Rodriguez; Beverly Rodriguez d/b/a Apexio HIR Institute EDU; Eric Artrip; Hundley Batts, Jr.; Hundley Batts, Sr.; and Hundley Batts & Associates Insurance Agency, LLC,  )  )  )  )  )  ) | |
| Defendants.  )  ) | |

## COMPLAINT

COMES NOW the Plaintiffs, Huntsville International Research Institute a/k/a HIRI, Kevin Matthews; Jacquelene Reid; and Dr. L.S. Riggins, by and through their undersigned counsel, and for a Complaint against the Defendants, states and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of the claims herein pursuant to 18 USCA § 1964(c) and 28 USCA § 1331. This civil action arises under the laws of the United States and the State of Alabama.  Plaintiff is alleging, *inter alia,*  a violation of its rights under Title IX of the Organized Crime Control Act of 1970, as amended, 18 USC § 1961et seq., and various state statutes.

2. Venue herein is proper under 18 USC §1965(a) and 28 USC §1391(b).

## THE PARTIES

1

3. Plaintiff, Huntsville International Research Institute ["HIRI"] is a minority owned organization, in the United States, which have been established to perform work on government military-projects in support of Historically Black Colleges and Universities and Minority-owned Institutions (HBCU-MI), through the use of minority scientists, engineers, technical, and administrative-support personnel. HIRI is headquartered in Huntsville, Alabama.

4. Plaintiff L. Shefton Riggins, M.D is an individual resident and citizen of the State of Alabama. He is a thoracic surgeon and also the President and Chairman of the Board of Directors of HIRI.

5. Plaintiff Kevin Matthews is an individual resident and citizen of the State of Alabama. He is also the Chief Compliance Officer for HIRI.

6. Plaintiff Jacquelene Reid is an individual resident and citizen of the State of Alabama. She is a defense-contract specialist.

7. Defendant, Beverly Rodriguez, is an individual resident and citizen of the State of Alabama.

8. Defendant, Beverly Rodriguez d/b/a Apexio HIR Institute EDU, Inc. is a fictitious company created by Beverly Rodriguez to facilitate her attempted diversion of the General Dynamics subcontract away from HIRI and to perpetrate bank fraud with the assistance of confederates at Well Fargo Bank.

9. Defendant Eric Artrip, is an individual resident and citizen of the State of Alabama. He is a licensed attorney in the State of Alabama.

10. Defendant Hundley Batts, Jr., is an individual resident and citizen of the State of Alabama.  He is a licensed insurance-agent in the State of Alabama.

11. Defendant Hundley Batts, Sr., is an individual resident and citizen of the State of Alabama.  He is a licensed insurance-agent in the State of Alabama.  He is also the owner and managing member of Hundley Batts & Associates Insurance Agency, LLC.

12. Defendant Hundley Batts & Associates Insurance Agency, LLC [hereinafter "Batts Agency"] is a limited-liability company organized and existing under the laws of the State of Alabama.  This entity is an insurance agency located in Huntsville, Alabama. The owner and managing member is Hundley Batts, Sr. This agency assisted Beverly Rodriguez in fraudulently obtaining insurance policies from Travelers Insurance Company, to facilitate her criminal enterprise.

## FACTUAL BACKGROUND
## RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT

13. Defendants Beverly Rodriguez; Hundley Batts, Jr.; Hundley Batts Sr.; and Eric Artrip are persons under 18 U.S.C. §1961(3).

## ENTERPRISE

14. The relationship existing between Defendants Beverly Rodriguez, Hundley Batts, Jr. and Hundley Batts & Associates Insurance Agency, LLC constitutes an association-in-fact enterprise under 18 U.S.C. §1961(4).  The persons controlling or directing the affairs of this enterprise have engaged in activities or a pattern or practice of conspiracy and racketeering activity in violation of 18 U.S.C. §1962 et seq.

15. Defendant, Beverly Rodriguez d/b/a Apexio HIR Institute EDU is a fake company established by Beverly Rodriguez as an enterprise established to conduct the following activities: (1) commit multiple acts of fraud against HIRI; (2) commit financial-institution fraud involving Wells Fargo Bank; and (3) support the commission of insurance-fraud against Travelers Insurance Company.  Beverly Rodriguez d/b/a Apexio HIR Institute EDU a/k/a Apexio HIR Institute EDU HIRI is an enterprise under 18 U.S.C. §1961(4).  The persons controlling or directing the affairs of this enterprise have engaged in activities or a pattern or practice of conspiracy and racketeering activity in violation of 18 U.S.C. §1962 et seq.

16. Defendant Hundley Batts & Associates Insurance Agency, LLC, is a limited-liability company organized and existing under the laws of the State of Alabama.  Hundley Batts & Associates Insurance Agency, LLC, is an enterprise under 18 U.S.C. §1961(4).  The persons controlling or directing the affairs of this enterprise have engaged in activities or a pattern or practice of conspiracy and racketeering activity in violation of 18 U.S.C. §1962 et seq.

## ACTIVITY

17. HIRI is the victim of a complex criminal-enterprise designed not only to steal money from HIRI, but also to divert a valuable, classified-research subcontract which was awarded to HIRI.  The mastermind and orchestrator of this criminal activity is Beverly Rodriguez.  During the relevant time-period, HIRI was operating as a subcontractor regarding a classified Defense Department research-contract where **General Dynamics Advanced Information Systems** [hereinafter "GDAIS" or "General Dynamics"] is the principal contractor on a U.S. Navy classified contract.  In addition to defrauding HIRI, the co-conspirators have aided Beverly Rodriguez in defrauding the Travelers Insurance Company ["Travelers"].

4

18. On or about May 12, 2014, the HIRI Board of Directors passed a resolution appointing Beverly Rodriguez' company, Apexio Solutions, Inc., as the Point of Contact [hereinafter "POC"] for managing HIRI's subcontract [#12-SC-0141] with General Dynamics. After being engaged by HIRI, Ms. Rodriguez initiated her scheme to divert the subcontract from HIRI, to Apexio Solutions, Inc., or another company that she controlled.

19. As an integral part of the overall scheme to divert the subcontract, Ms. Rodriguez stole the identities of Jacquelene Reid and Lanona Sykes.  Ms. Rodriguez appropriated the actual personal-profile information of these women and used it to make them into fictitious employees of Ms. Rodriguez' legitimate company, Apexio Solutions, Inc.  Ms. Rodriguez also created her fake company, Apexio HIR Institute EDU, as part of the overall fraud scheme.  The identity-theft directed at Ms. Reid and Ms. Sykes was committed for the purpose of obtaining general-liability and workers-compensation insurance-policies from Traveler's Insurance Company.  Having such insurance is a requirement for all General Dynamics subcontractors.  Obtaining the commercial insurance coverage was an integral part of the overall plan to divert the subcontract from HIRI to Ms. Rodriguez' control.

20. Ms. Rodriguez also stole the corporate identity of HIRI, in furtherance of her scheme. In addition, she effectively stole the identity of Kevin Matthews, Chief Compliance Officer for HIRI, by forging his signature on a Wells Fargo Business Account Application, for her fake company Apexio HIR Institute EDU.  In addition to her other activities, Ms. Rodriguez either intercepted or diverted a check payable to HIRI in the amount of $60,187.40.  This check was payment for work performed prior to Ms. Rodriguez association with HIRI.  Ms. Rodriguez plan was to deposit this check in the fraudulent bank account she created at Wells Fargo Bank.

21. Hundley Batts, Jr., an insurance agent, as well as a member and employee of the Hundley Batts & Associates Insurance Agency, LLC, deliberately, knowingly, and willfully caused the issuance of fraudulent insurance-policies, from Travelers Insurance, allegedly on behalf of HIRI, in furtherance of Ms. Rodriguez' fraudulent scheme to divert the subcontract.

22. The fraudulent insurance-policies were issued, *after* Hundley Batts, Jr. was explicitly informed, by Kevin Matthews, on or about July 11, 2014, that HIRI did not require any insurance products. Kevin Matthews specifically told Hundley Batts, Jr., to refrain from obtaining *any* insurance policies for HIRI.

23. On or about July 11, 2014, Hundley Batts, Jr. informed Kevin Matthews, Compliance Officer for HIRI, that the episode was a misunderstanding and that no insurance would be forthcoming. Approximately three days later, on or about July 14, 2014, the Certificate of Liability Insurance was received from Travelers Insurance Company, with an apparent effective date of July 11, 2014. The Certificate was issued, by Travelers, in HIRI's name. However, the Certificate was delivered to the address of Beverly Rodriguez's company, Apexio Solutions, Inc. The Certificate listed Hundley Batts & Associates Insurance Agency as the "Producer" and Hundley Batts, Jr. as the contact at Hundley Batts & Associates Insurance Agency.

24. Ms. Rodriguez submitted fraudulent contract-modification documentation, to General Dynamics, seeking to alter the subcontract by substituting Ms. Rodriguez' company, for HIRI, as the subcontractor. Ms. Rodriguez signed this document, for HIRI, without any authorization to do so. General Dynamics' internal controls caught this diversion attempt. Mindy Whitley, a senior subcontract-administrator, at General Dynamics, caught Ms. Rodriguez's fraudulent

6

contract-modification.  Ms. Rodriguez committed mail-fraud when she used the United States Mail to make this submission to General Dynamics.  Furthermore, Ms. Rodriguez was also submitting fraudulent invoices, to General Dynamics, seeking payment for work allegedly performed by her fictitious employees.  This activity is likewise mail fraud.

25. Ms. Rodriguez received correspondence from General Dynamics General Counsel Gary Campbell, informing her that: (1) the subcontract was between HIRI and General Dynamics; and (2) that she [Rodriguez] had no authority to sign a modification thereof. Rodriguez was aware that the document in question should not have been used for any further purposes.  As a government contractor, with a security clearance, she was also aware that the document should have been destroyed even if created in error.

26. On or about July 11, 2014, Dr. L. Shefton Riggins, Chairman of HIRI, was informed of Ms. Rodriguez' attempted theft of HIRI's subcontract.   On or about July 29, 2014, the HIRI Board of Directors had a meeting to terminate the engagement of Ms. Rodriguez and Apexio Solutions, Inc.   The delay was due in part to the classified nature of the subcontract and General Dynamics' need to finish its own investigation of the circumstances, which apparently included the issue of the fake invoices.  Dr. Riggins dismissed Ms. Rodriguez from further employment with HIRI.  At that time, Dr. Riggins was unaware of: (1) the corporate identity-theft of HIRI's name; (2) the effective theft of his own identity as the Chairman of HIRI; (3) the fraudulently issued insurance-policies; (4) Ms. Rodriguez' creation of a fraudulent bank account; and (5) the theft of a General Dynamics check, payable to HIRI, which Ms. Rodriguez had intercepted.

27. HIRI's subcontract-term was slated to run through the end of July, 2019. Instead, it was terminated at the end of July, 2014. Hundley Batts, Jr.'s activities were an integral part of the fraudulent scheme, which caused HIRI to lose a minimum five (5) years of renewals on a government subcontract. Furthermore, this subcontract was self-renewing. HIRI also lost its security clearance. In addition, HIRI is currently disqualified from competing for new government-research contracts, until all issues surrounding the fraudulent scheme are resolved, and its security clearance is restored. The total value of the lost subcontract is estimated to be approximately $5 million dollars.

28. The existence of these insurance policies, which were procured using stolen identities, to create fake employees, was successfully concealed from HIRI, until July 27, 2017. The existence of this fraudulent insurance was discovered by accident; otherwise the incident would have remained unknown to HIRI. Hundley Batts, Jr. also successfully concealed the fraud from Travelers, by falsifying the answers to a premium-audit conducted by Travelers.

29. When the existence of the insurance-fraud was discovered, the policies were cancelled and Travelers Insurance issued a premium-refund check of approximately $103.00. This check was taken by Ms. Rodriguez and converted for her own use. The premium of approximately $1,500.00 had been paid with funds from the stolen $60,187.40 HIRI check.

30. Eric Artrip, attorney for Ms. Rodriguez aided the insurance-fraud scheme by creating false employment-documents for the fictitious employees of Ms. Rodriguez' company. These documents were intended to support the fiction that Ms. Rodriguez' company had actual employees who performed services.

31. On or about August 26, 2014, Ms. Rodriguez submitted false claims on these insurance policies, to Travelers Insurance, to collect allegedly unpaid salaries for the fictitious employees of her company.  Upon information and belief, submission of these false insurance-policy claims resulted in Travelers Insurance paying out approximately $180,000.00 for the allegedly unpaid salaries.  Furthermore, there are tax-evasion implications involved with this false claim; because, Ms. Rodriguez failed to pay employment-taxes and income-taxes on the funds collected during this time-frame.

32. The role that played Hundley Batts, Jr., in this matter is especially egregious. Hundley Batts, Jr. knew that the Travelers Insurance policies were issued under false pretenses, to cover the non-existent employees, whose personal profiles were the result of identity theft. Hundley Batts, Jr.'s actions were deliberate, pre-meditated, and undertaken with reckless disregard of the truth, as well as normal business, ethical, and legal standards.

33. Hundley Batts, Jr. not only allowed the insurance-policy application process to continue after being explicitly told to stop [and assuring Kevin Matthews no insurance would be obtained], but also assisted Travelers Insurance in the underwriting process.  Hundley Batts, Jr. also assisted Ms. Rodriguez during the course of a Travelers Insurance Premium Audit.  Therein, Hundley Batts, Jr. informed the Travelers underwriters that Ms. Rodriguez was not only the owner and CEO of HIRI, but also the owner of the General Dynamics subcontract.  This fraudulent activity was successfully concealed from HIRI, until July 27, 2017.  Upon information and belief, Travelers Insurance has tape recordings of the conversations with Hundley Batts, Jr., wherein he made his false representations.

34. The subsequent cover-up activities undertaken by Hundley Batts, Sr. are just as egregious as those of his son. On or about August 2, 2017, Hundley Batts, Sr. either ordered, or personally engaged in, the destruction of the evidence, linking Ms. Rodriguez and the issuance of fraudulent Travelers Insurance policies to the Batts Agency. This spoliation of evidence was undertaken after Hundley Batts, Sr. was informed of the involvement of both his son and his company, the Batts Agency, in Ms. Rodriguez' scheme, to defraud HIRI and General Dynamics.

35. Hundley Batts, Sr. attempted to erase all traces of both his son's and his firm's activities regarding Ms. Rodriguez. Unfortunately for this scheme HIRI's attorney had managed to obtain copies of the relevant documents before they were erased or otherwise destroyed or purged from the records of the Batts Agency. It is also believed that at least one set of the purged documents is maintained by Hundley Batts, Sr.

36. Hundley Batts, Sr. has thus far stonewalled any attempt to resolve this matter. In a conversation with Dr. L.S. Riggins, the Chairman of HIRI, regarding this matter, Hundley Batts, Sr. made a comment of *"no harm, no foul"* as if this matter is just an inconvenient nuisance.

37. The Batts Agency, along with Hundley Batts, Sr. and Hundley Batts, Jr. have provided significant support to the operation of Ms. Rodriguez' scheme to defraud HIRI and other third parties, including Travelers Insurance. Upon information and belief, the Alabama Insurance Commission has opened four separate investigations into the conduct of the Hundley Batts, Insurance Agency, LLC.

38. On or about July 30, 2014, Ms. Rodriguez completed a Business Account Application at Wells Fargo Bank, for the fake company Apexio HIR Institute EDU. Ms. Rodriguez needed

to establish this bank account in furtherance of her scheme to convert a check payable to HIRI, which she planned to steal.  HIRI has never had an account with Wells Fargo Bank.

39. Ms. Rodriguez put Kevin Matthews name on this account Application, without his knowledge or permission, and forged his signature to the Application document, thereby creating another instance of identity theft.  In addition, she involved Wells Fargo in the identity theft and violations of the Patriot Act and the Bank Secrecy Act.  Ms. Rodriguez also had Wells Fargo employees who were willing accomplices in the bank-fraud portion of her scheme.

40. On or about August 11, 2014, Ms. Rodriguez stole a check, payable to HIRI, in the amount of $60, 187.40.  This check was payment for work completed prior to the engagement of Ms. Rodriguez, by HIRI.  It is believed that Ms. Rodriguez did not actually bring this check to her confederates at Wells Fargo, until approximately August 15, 2014.

41.  However, on or about August 8, 2014, Ms. Rodriguez managed to get $60, 187.40 deposited in an account she controlled.  This defalcation was accomplished by preparing a deposit slip made in the name of Apexio HIR Institute EDU; but, bearing the account number of Apexio Solutions, Inc.  The stolen check was not endorsed by Ms. Rodriguez or anyone else.  Later, it was determined that the stolen check was never actually deposited.  The source of the funds given to Ms. Rodriguez, by Wells Fargo Bank employees is unknown to HIRI.

42. The stolen check was never returned to HIRI.  The current location of the stolen check is unknown to HIRI; however, it seems logical that it is probably in the possession of Bank of New York Mellon.

43. On or about 5 September 2014, Rodriguez made an FDIC claim for the face value of the stolen HIRI check, even though she was fully aware that she had already received and spent those funds. Wells Fargo itself determined, after an internal investigation, that the Apexio HIR Institute EDU account had been used to commit fraud. In correspondence dated November 19, 2014, Wells Fargo restrained [froze] all of Ms. Rodriguez' bank accounts.

44. When problems began to arise from the processing of the stolen check, Ms. Rodriguez sought a way to make the issue disappear. On or about November 23, 2014, Ms. Rodriguez sent correspondence to Kevin Matthews. Ms. Rodriguez letter did the following things: (1) threatened to take legal action; (2) offered Kevin Matthews a bribe; and (3) sought execution of an attached agreement which provided retroactive justification of Ms. Rodriguez' illicit activities directed against HIRI.

45. The agreement attached to the aforesaid letter was a tacit admission, by Ms. Rodriguez, of her guilt. It was an attempt to create retroaction authorization for her fraudulent, unauthorized activities aimed at HIRI. Kevin Matthews refused the bribe, which he thought would have been paid with funds stolen from, HIRI, and did not respond to the attached agreement.

46. As a direct and proximate result of the various actions taken by Beverly Rodriguez and her various co-conspirators, acting both individually and in concert, HIRI has lost significant amounts of income which has caused HIRI to cease its operations and become dormant. In addition, HIRI has lost a self-renewing subcontract valued at approximately $5 million dollars, as well as losing its security clearance and with it the ability to compete for and receive addition

government-research contracts.  Because a certain number of these contracts are set aside for minority contractors, HIRI was virtually guaranteed to receive additional work.

## COUNT ONE
## THEFT AND ATTEMPTED THEFT BY DECEPTION

47. The Plaintiffs hereby reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if the same were fully set forth herein.

48. On or about August 11, 2014, Beverly Rodriguez did, deliberately and willfully, without authorization or permission, intercept or otherwise steal a General Dynamics check made payable, to HIRI, in the amount of $60,187.40, with the intent to permanently deprive HIRI of these funds.  A copy of the stolen $60,187.40 check [which is made payable to HIRI] is attached hereto and incorporated by reference herein as **Exhibit 1.**  Because this check was stolen or intercepted from the United States Mail, Ms. Rodriguez committed mail-fraud thereby, a predicate act for RICO.

49. On or about July 9, 2014, Beverly Rodriguez did, deliberately and willfully, make fraudulent misrepresentations to General Dynamics, including presenting HIRI's May 12, 2014 resolution engaging her and her company as being authorization to modify HIRI's subcontract. A copy of HIRI's May 12, 2014 resolution is attached hereto and incorporated by reference herein as **Exhibit 2.**  These fraudulent misrepresentations attempting to divert the ownership and control of the General Dynamics government-research subcontract held by HIRI, to a company under her control, were transmitted electronically to General Dynamics.  A copy of the fraudulent modification document, signed for HIRI, by Beverly Rodriguez, who lists her title as "President & CEO – Apexio Solutions, Inc." is attached hereto and incorporated by reference

herein as **Exhibit 3.**  In so doing, Ms. Rodriguez committed an act of wire-fraud, a predicate act for RICO.

50. Beverly Rodriguez was aided and abetted in the attempt to divert the aforesaid subcontract by Hundley Batts, Jr., who acted in his capacity as an insurance agent with Hundley Batts & Associates Insurance Agency, LLC.  On or about July 11, 2014, with the aid and assistance of Hundley Batts, Jr. and Hundley Batts & Associates Insurance Agency, LLC, application was made, to Travelers Insurance Company, in the name of HIRI, for insurance general-liability and workers-compensation insurance policies.  The application was predicated on fictitious employees whose identities were stolen by Ms. Rodriguez.  Acting together, in this conspiracy, Ms. Rodriguez, Hundley Batts, Jr., and Hundley Batts & Associates Insurance Agency, LLC committed insurance-fraud.  This application was transmitted electronically, thereby committing an act of wire-fraud, a predicate act for RICO.

51. On or about July 11, 2014, by using the enterprise Hundley Batts & Associates Insurance Agency, LLC as an instrumentality of fraud, to present false employee-information, based upon stolen identities, Hundley Batts, Jr. successfully obtained the fraudulent workers-compensation and liability insurance policies, in the name of HIRI, from the Travelers Insurance Company.  The policies were issued to cover non-existent employees.  A copy of the Certificate of Liability Insurance is attached hereto and incorporated by reference herein as **Exhibit 4.**

52. On or about July 11, 2014, Hundley Batts, Jr. and the Hundley Batts & Associates Insurance Agency, LLC, fraudulently represented to Kevin Matthews, that the application for the insurance policies was a misunderstanding, and that the process had been halted.  These

14

misrepresentations were transmitted by telephone, which constitutes an act of wire-fraud.  By lying to Kevin Matthews, and using the mailing address of Beverly Rodriguez' company, Apexio Solutions, Inc., for all insurance-related correspondence, Hundley Batts, Jr. and Beverly Rodriguez successfully concealed the existence of these fraudulently issued policies from HIRI, for over three (3) years, until Kevin Mathews was informed about these insurance activities on or about July 27, 2017.

53. Beverly Rodriguez' attempt to divert the HIRI subcontract was blocked by General Dynamics' compliance personnel.  However, the fallout from the attempted diversion resulted in the non-renewal of this self-renewing subcontract.  Therefore, on or about July 31, 2014, HIRI's subcontract with General Dynamics was terminated.  In addition, by letter dated July 23, 2014, the Department of Defense ["DOD"] notified HIRI that its access to classified information would be terminated on effective July 31, 2014.  A copy of the DOD letter is attached hereto and incorporated by reference herein as **Exhibit 5.**  The loss of the DOD security-clearance prevents HIRI from obtaining any new government-research subcontracts and grants.

54. On or about May 15, 2015, Travelers Insurance Company cancelled the fraudulent insurance policies [#680-8E595337-14-42] that had been issued in HIRI's name.  The policies were slated to expire on July 11, 2015.  Travelers returned $103.00 of unearned premium, which Beverly Rodriguez took for herself.  A copy of the "Cancellation Change Slip – Commercial" for Policy Number 680-8E5955337-14-42, [cancellation date May 20, 2015 and returned premium of $103.00], is attached hereto and incorporated by reference herein as **Exhibit 6.**

55. As a direct and proximate result of the theft of the aforesaid $60,187.40 check, HIRI has been deprived of the use of its funds, forcing it to suspend its operations.  HIRI has thereby been injured and suffered damages.

56. As a direct and proximate result of the theft of the aforesaid $103.00 refund check, HIRI has been deprived of its funds, for the returned insurance-premium, the total payment for which was previously stolen from HIRI.  HIRI has thereby been injured and suffered damages.

57. As a direct and proximate result of the attempted diversion of the aforesaid subcontract, HIRI has been deprived of the renewal of the subcontract, along with the loss of the DOD security clearance and it has thereby been injured and suffered damages, which include a significant loss of income, as well as the loss of on-going opportunities to obtain new government contract-work.

58. As a direct and proximate result of the conspiracy to commit fraud  and the actual fraud committed  by and between Ms. Rodriguez; Hundley Batts, Jr.; and Hundley Batts & Associates Insurance Agency, LLC, HIRI has been deprived of the renewal of the classified subcontract, along with the loss of the DOD security clearance and it has thereby been injured and suffered damages, which include a significant loss of both present and future income, as well as the loss of on-going opportunities to obtain new government contract-work.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs demands judgment against Beverly Rodriguez; Hundley Batts, Jr.; and Hundley Batts & Associates Insurance Agency, LLC for compensatory and punitive damages in an amount to be determined by the Court, together

with interest and costs of this action, including reasonable attorney's fees, and the award of such other, further, or different relief to which the Plaintiffs may be entitled.

## COUNT TWO
## GROSS NEGLIGENCE BY BATTS AND ASSOCIATES

59. The Plaintiffs hereby reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if the same were fully set forth herein.

60. HIRI alleges that the Hundley Batts & Associates Insurance Agency, LLC and its Members, agents, and employees and specifically Hundley Batts, Jr., owed a duty to HIRI arising out of: (1) the laws of the State of Alabama; (2) the rules and regulations promulgated by the Alabama Insurance Commission; and (3) public policy to conduct its insurance operations with a minimum standard of care, competency, and honesty.  Furthermore, the interests of justice require that insurance operations be conducted with systematic integrity and fairness.

61. Instead, the Hundley Batts & Associates Insurance Agency, LLC acting by and through its Members, agents and employees, and specifically Hundley Batts, Jr., deliberately, knowingly, and willfully obtained fraudulent insurance policies in the name of HIRI; doing so even after being specifically instructed, by Kevin Matthews, not to obtain any insurance policies for HIRI.

62. The Hundley Batts & Associates Insurance Agency, LLC, by and through its Members, agents, and employees, acted negligently, fraudulently, wantonly, and willfully to procure insurance policies, in the name of HIRI, without any authorization, and by utilizing

stolen individual identities, and making fraudulent misrepresentations in conjunction with suppression of material facts.

63. Hundley Batts, Jr. made false statements and misrepresentations to Travelers Insurance Company, regarding the ownership of HIRI and the ownership of the subcontract, as well the existence of actual employees at Apexio Solutions, Inc.  by, were undertaken in his capacity as a duly licensed insurance-agent and representative of Hundley Batts & Associates Insurance Agency, LLC, while acting in direct support and furtherance of Ms. Rodriguez' fraudulent scheme to divest HIRI of its subcontract.  These misrepresentations were captured on tape by the Travelers Insurance Company.

64. The actions of the Hundley Batts & Associates Insurance Agency, LLC, which were taken by and through its Members, agents, and employees were executed in direct support of Beverly Rodriguez' fraudulent scheme to divest HIRI of its subcontract with General Dynamics.

65. As a direct and proximate result of the aforesaid actions, HIRI has been deprived of a significant amount of income and the renewal of its subcontract, along with the loss of its DOD security clearance and has thereby been injured and suffered damages, which include significant loss of income, and the resulting inability to compete for additional grants and government-research projects.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs demands judgment against Beverly Rodriguez; Hundley Batts, Jr.; and Hundley Batts & Associates Insurance Agency, LLC for compensatory and punitive damages in an amount to be determined by the Court, together

with interest and costs of this action, including reasonable attorney's fees, and the award of such other, further, or different relief to which the Plaintiffs may be entitled.

## COUNT THREE
## NEGLIGENCE PER SE

66. The Plaintiffs hereby reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if the same were fully set forth herein.

67. Hundley Batts & Associates Insurance Agency, LLC, along with its Members, agents, and employees have a duty pursuant to Alabama law and the rules and regulations of the Alabama Insurance Commission, as well as public policy, to conduct insurance operations in a lawful and honest manner.

68. Hundley Batts & Associates Insurance Agency, LLC, along with its Members, agents, and employees have deliberately, knowingly, negligently, and wantonly breached that duty through their actions in direct support of Ms. Rodriguez' fraudulent scheme and have caused harm to both HIRI and Travelers Insurance Company.

69. As a direct and proximate result of the aforesaid actions, HIRI has been deprived of a significant amount of income and the renewal of its subcontract, along with the loss of its DOD security clearance and has thereby been injured and suffered damages.  The damages include significant income-loss along with the resulting inability to compete for additional grants and government-research projects.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs demands judgment against Beverly Rodriguez; Hundley Batts, Jr.; and Hundley Batts & Associates Insurance Agency, LLC

for compensatory and punitive damages in an amount to be determined by the Court, together with interest and costs of this action, including reasonable attorney's fees, and the award of such other, further, or different relief to which the Plaintiffs may be entitled.

### COUNT FOUR
### OUTRAGE

70. The Plaintiffs hereby reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if the same were fully set forth herein.

71. The conduct of Ms. Rodriguez in defrauding HIRI by stealing its funds and attempting to divert its subcontract, which resulted in the loss of: (1) earned funds; (2) significant future income; (3) the General Dynamics subcontract [#12-SC-0141]; (4) HIRI's DOD security clearance; and (5) the ability to obtain future minority set-aside government research contracts and grants, is so outrageous and unconscionable as to shock the social conscience of the community. Furthermore, the conduct deviates from the socially accepted norms and standards of the community as a whole.

72. Hundley Batts, Jr. willingly conspired with Beverly Rodriguez to conduct her fraudulent scheme. Hundley Batts, Jr. used Hundley Batts & Associates Insurance Agency, LLC as an instrumentality of fraud to assist Ms. Rodriguez in the pursuit of her scheme to defraud both HIRI and Travelers Insurance Company. The assistance of Hundley Batts, Jr. was indispensable for obtaining insurance policies based upon stolen identities, and then perpetuating the fiction of legitimate employees and business operations, during a premium audit, by making misrepresentations to Travelers Insurance. The actions of Hundley Batts, Jr. contributed to the loss of not only of HIRI's subcontract, but also its DOD security clearance. Hundley Batts, Jr.'s

conduct is so outrageous and unconscionable as to shock the social conscience of the community, as well as deviating from the socially accepted norms and standards of the community as a whole.

73. Hundley Batts, Sr., used his position as the principal and managing member of Hundley Batts & Associates Insurance Agency, LLC to orchestrate the concealment of the involvement of Hundley Batts, Jr. and Hundley Batts & Associates Insurance Agency, LLC in assisting Ms. Rodriguez, by ordering the destruction of all evidence linking them to Ms. Rodriguez, HIRI, and Travelers Insurance.  Hundley Batts, Sr. then lied to HIRI's counsel about the spoliation of evidence.

74. The actions of Hundley Batts, Sr. were intended not only to impede the discovery of the actual facts surrounding the issuance of the Travelers Insurance policies, but also to insulate Hundley Batts, Jr. and the Hundley Batts & Associates Insurance Agency, LLC from the consequences of their actions in support of Beverly Rodriguez.  Hundley Batts, Sr.'s conduct is so outrageous and unconscionable as to shock the social conscience of the community, as well as deviating from the socially accepted norms and standards of the community as a whole.

75. As a direct and proximate result of the outrageous actions of Beverly Rodriguez; Hundley Batts, Jr.; Hundley Batts, Sr.; and Hundley Batts & Associates Insurance Agency, LLC, HIRI has been injured and damaged.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs demands judgment against Beverly Rodriguez; Hundley Batts, Jr.; and Hundley Batts & Associates Insurance Agency, LLC for compensatory and punitive damages in an amount to be determined by the Court, together

with interest and costs of this action, including reasonable attorney's fees, and the award of such other, further, or different relief to which the Plaintiffs may be entitled.

## COUNT FIVE
## UNCONSCIONABILITY

76. The Plaintiffs hereby reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if the same were fully set forth herein.

77. HIRI alleges that the actions of Beverly Rodriguez; Hundley Batts, Jr.; Hundley Batts, Sr.; and Hundley Batts & Associates Insurance Agency, LLC taken to obtain fraudulent insurance policies, from Travelers Insurance, in the name of HIRI, and concealing the existence of said insurance policies, are oppressive, unreasonable, unconscionable, against public policy and are antithetical to the best interests of HIRI as well as violating any reasonable standard of equity and fair-dealing.

78. As a direct and proximate result of the unconscionable actions of Beverly Rodriguez; Hundley Batts, Jr.; Hundley Batts, Sr.; and Hundley Batts & Associates Insurance Agency, LLC, HIRI has been injured and damaged.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs demands judgment against Beverly Rodriguez; Hundley Batts, Jr.; and Hundley Batts & Associates Insurance Agency, LLC for compensatory and punitive damages in an amount to be determined by the Court, together with interest and costs of this action, including reasonable attorney's fees, and the award of such other, further, or different relief to which the Plaintiffs may be entitled.

## COUNT SIX
## DEFENDANTS' ACTS OF FRAUD

79. The Plaintiffs hereby reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if the same were fully set forth herein.

80. Beverly Rodriguez committed fraud when she misrepresented HIRI's May 12, 2014 corporate resolution [See **Exhibit 2**] engaging her company as HIRI's POC as constituting authorization to change HIRI's subcontract with General Dynamics from HIRI to Ms. Rodriguez' company.   On July 9, 2014, Ms. Rodriguez signed the contract-modification document on behalf of HIRI, without authorization, and submitted it to General Dynamics [See **Exhibit 3**].  Ms. Rodriguez' action was taken deliberately, knowingly, wantonly, and willfully, with the intent to deprive HIRI of the benefits of the aforesaid subcontract.

81. On or about July 9, 2014, Beverly Rodriguez committed wire-fraud when she electronically transmitted her unauthorized modification document for her attempt to divert HIRI's subcontract, to General Dynamics.

82. On or about July 11, 2014, Beverly Rodriguez committed insurance-fraud when she used the stolen identities of Jacquelene Reid and Lanona Sykes to create the illusion that her company had employees, so that Ms. Rodriguez could obtain the insurance coverage required for the subcontract, which she was attempting to divert to her company.

83. On or about July 11, 2014, Hundley Batts, Jr. committed insurance-fraud when he used his position at Hundley Batts & Associates Insurance Agency, LLC to make false statements and fraudulent misrepresentations to Travelers Insurance Company to obtain

unnecessary and unwanted insurance policies in the name of HIRI.  In addition, wire-fraud was committed because the fraudulent information was transmitted electronically to Travelers Insurance Company.   The Hundley Batts & Associates Insurance Agency, LLC earned commissions from the premiums paid to secure these fraudulently obtained insurance policies. The funds which were used to pay the premiums [approximately $1,500.00] were derived from the stolen HIRI check.

84. On or about July 11, 2014, Hundley Batts, Jr. committed common-law fraud when he deliberately misrepresented his intentions to Kevin Matthews, regarding obtaining insurance policies for HIRI.  Hundley Batts, Jr. told Kevin Matthews that he [Batts] would immediately cease pursuing the issuance of any insurance policies for HIRI.  Hundley Batts, Jr. also committed wire-fraud because he used the telephone to transmit his misrepresentations to Kevin Matthews.  Hundley Batts, Jr. successfully concealed the fact that the fraudulent policies were issued anyway, until July 27, 2017, when Kevin Matthews was inadvertently informed of the policies existence.

85. On or about July 30, 2014, Beverly Rodriguez fraudulently interfered with the administration of the internal-revenue laws when she obtained a Federal Employer Identification Number ["FEIN"] for an entity that is styled as **"Apexio HIR Institute EDU HIRI"** which is effectively Beverly Rodriguez' alter ego; although it was listed as a "partnership" on the Wells Fargo Bank Business Account Application dated July 30, 2014.  A copy of the Wells Fargo Bank Business Account Application is attached hereto and incorporated by reference herein as **Exhibit 7.**   Note that on Exhibit 7, the customer name is listed as "**Apexio HIR Institute EDU**."  A copy of the IRS' letter announcing the assignment of the FEIN is attached hereto and

incorporated by reference herein as **Exhibit 8.** The notification letter is addressed to **Apexio HIR Institute EDU HIRI,** care of Apexio Solutions, Inc. She also committed an act of wire-fraud because the FEIN was obtained electronically. Ms. Rodriguez apparently presented this same entity name to the Alabama Department of Labor, to bolster her false claim of having employees. A copy of the Alabama Department of Labor "Application to Determine Liability" sent to **Apexio HIR Institute EDU HIRI** care of Apexio Solutions, Inc. is attached hereto and incorporated by reference herein as **Exhibit 9.**

86. On or about July 30, 2014, Beverly Rodriguez committed financial-institution fraud when she again misrepresented the scope of HIRI's May 12, 2014 corporate resolution [See **Exhibit 2**] engaging her company as HIRI's POC. This time, she presented it as constituting her authorization to open bank accounts for HIRI and deposit HIRI's checks in said bank accounts. Ms. Rodriguez needed to establish this particular bank account to facilitate conversion of HIRI's earned funds to her own use and benefit. Because her legitimate company, Apexio Solutions, Inc. had an existing account at Wells Fargo Bank, Ms. Rodriguez could easily transfer funds from the dummy account, to her regular account. This action was undertaken deliberately, willfully, and with the intent to deprive HIRI of the money it had earned from its General Dynamics subcontract, as well as to divert its future earnings.

87. On or about July 30, 2014, Beverly Rodriguez committed financial-institution fraud when she completed and submitted a Wells Fargo Bank Business Account Application form, for the non-existent company Apexio HIR Institute EDU, which she styled as a partnership, and forged Kevin Matthews' signature on the form, in three (3) different places [See **Exhibit 7**]. This action was undertaken deliberately, willfully and maliciously to enable Ms. Rodriguez to

deposit funds stolen from HIRI.  Later, an internal investigation by Wells Fargo determined that Beverly Rodriguez had committed fraud with the Apexio HIR Institute EDU account.

88. On or about August 8, 2014, Beverly Rodriguez committed financial-institution fraud when she obtained $60,187.40, with the aid and assistance of her co-conspirators who are employed by Wells Fargo.  The exact origin of these funds is unknown; except that the funds were embezzled internally, by Wells Fargo employees, and transferred to Ms. Rodriguez.  Later, Ms. Rodriguez would claim that she received a "VIP loan" from Wells Fargo.

89. On or about Monday, August 11, 2014, Beverly Rodriguez committed another act of mail fraud when she intercepted a General Dynamics check intended for HIRI.  The check, payable to HIRI, in the amount of $60,187.40, was payment for work HIRI had completed prior to the engagement of Ms. Rodriguez.  The check apparently arrived on Friday, August 8, 2014; however, it was locked in a secure mailroom facility and Ms. Rodriguez could not physically retrieve it until Monday, August 11, 2014.

90. On or about August 15, 2014, Beverly Rodriguez committed the second phase of her initial act of financial-institution fraud, when she delivered the stolen HIRI check to her confederates at Wells Fargo for processing.  Ms. Rodriguez refused to endorse the stolen check. A Wells Fargo employee marked it "Deposit" and accepted the check for processing [See **Exhibit 1**].  The check was returned to Wells Fargo, by Bank of New York Mellon ["BNYM"] on the basis of a forged endorsement.  In a letter dated Aug. 17, 2015, BNYM demanded that Wells Fargo provide either a cashier's check, payable to Bank of New York Mellon, in the amount of $60,187.40, or a brief letter explaining why reimbursement is denied. This demand

letter stated, "On or about August 8, 2014, The Bank of New York Mellon's (BNY Mellon) customer, General Dynamics (Customer)", drew a check on its account at BNT Mellon, designated Check No. 285527, dated August 6, 2014, in the amount of $$60,187.40 payable to "Huntsville Inter Research Inst".   A third party, unknown to BNY Mellon, then fraudulently endorsed the check with the word "Deposit" and the check was deposited or cashed at Wells Fargo Bank ("Bank")" a copy of which is attached hereto and incorporated by reference herein as **Exhibit 1**.  A copy of the BNYM letter returning the check to Wells Fargo is attached hereto and incorporated by reference herein as **Exhibit 10.**   A copy of the Affidavit of Kevin D. Matthews, which accompanied the BNYM letter, is attached hereto and incorporated by reference as **Exhibit 11**.  ***HIRI never received the check.***

91. On August 17, 2014, a demand letter for payment of the $60,187.40 was sent to Craig Chiang, at Wells Fargo Bank, from Alka Patel, at the Bank of New York Mellon.  A copy of the August 17, 2015, demand letter is attached hereto and incorporated by reference as **Exhibit 12**. On or about September 5, 2014, Beverly Rodriguez committed another act of financial-institution fraud when she submitted an FDIC claim for reimbursement of the stolen $60,187.40 HIRI check, while having full knowledge that she had already obtained and spent those funds, well before the claim was submitted.  Mr. Kevin Rich, of Wells Fargo Bank Business Support, gave notice to the FDIC for insurance claims regarding reimbursement for payable items or a stolen General Dynamics check.  Two claims were submitted.  Each claim was in the amount of $60,187.40.  The claim numbers are: (1) XQR248170608; and (2) XQR28821152.  In order to execute these FDIC insurance claims, against the bank account of Ms. Rodriguez's fake

company, Ms. Rodriguez had to be removed as an account-holder, at Wells Fargo Bank, due to fraud.

92. On or about September 9, 2014, Ms. Rodriguez committed another act of theft when she received the $60,187.40 reimbursement for the face value of the HIRI check, which she had previously stolen.  Those funds rightfully belonged to HIRI.

93. The financial-institution fraud committed by Beverly Rodriguez was uncovered by Wells Fargo Financial Crimes Analyst, Damien Armstrong.   On October 29, 2014, Mr. Armstrong issued a resolution determining that Huntsville International Research Institute [HIRI] was the correct payee, of the stolen check, not Apexio HIR Institute EDU.   Mr. Armstrong recommended the fraud should be reported to General Dynamics.   He also recommended filing an endorsement claim with the Bank of New York Mellon.  A copy of the October 29, 2014 Armstrong letter is attached hereto and incorporated by reference herein as **Exhibit 13.**  This letter was followed by two (2) additional letters from Wells Fargo.

94. In a letter dated November 14, 2014, Ms. Rodriguez was notified, by the Wells Fargo Fraud Prevention Contact Center, that it was closing all of her bank accounts and blocking any monetary transactions on those accounts, based on a business decision to end the deposit account relationship.   A copy of the account-closing letter is attached hereto and incorporated by reference herein as **Exhibit 14**.   In a letter dated November 19, 2014, Damien Armstrong notified Ms. Rodriguez that pending an investigation of the stolen check for $60,187.40, her account was being restrained.   A copy of the account-restraining letter is attached hereto and incorporated by reference herein as **Exhibit 15.**

95. On or about December 28, 2014, Eric Artrip, acting in concert with Beverly Rodriguez, committed fraud when they presented fake personnel records, invoices, pay–stubs and an Affidavit of Employment and Questionnaire concerning Jacquelene Reid and Lanona Sykes.  This action was taken support the fraudulent misrepresentations made, by Beverly Rodriguez and Hundley Batts, Jr., to Travelers Insurance Company, to get the insurance policies issued, and to conceal Ms. Rodriguez breach of her agreement with HIRI to employ these persons.   Apparently, the fake documentation was prepared, in late November 2014 and early December 2014, by Artrip and Rodriguez.

96. On or about August 2, 2017, Hundley Batts, Sr. committed common-law fraud and obstruction of justice when he ordered the destruction of all records tying the Batts Agency to the creation of fake insurance policies involving HIRI and Travelers Insurance Company in an attempt to purge all evidence concerning the actions of Hundley Batts, Jr., and the Batts Agency in obtaining the fraudulent insurance policies from Travelers Insurance Company.   Upon information and belief, this activity is part of a pattern and practice, by Hundley Batts, Sr., of attempting to conceal or otherwise mitigate Hundley Batts, Jr.'s transgressions.  This spoliation of evidence which was initiated and ordered by Hundley Batts, Sr. is not only fraud but also constitutes obstruction of justice.

97. On or about August 2, 2017, Hundley Batts, Sr. also committed another act of common-law fraud when, in response to a direct question, he informed HIRI's counsel, Rick Kornis that "technical people have gone through the files and found nothing."  This blatant lie was issued in furtherance of the cover-up scheme devised by Hundley Batts, Sr.  Unfortunately

for the attempted cover-up scheme, Rick Kornis had already obtained physical copies of the documents about which he had inquired.

98. Upon information and belief, Beverly Rodriguez committed another act of insurance-fraud when she submitted a claim to Travelers Insurance for alleged unpaid salaries allegedly owed to her fictitious employees, created from stolen identities.  It is believed that she obtained about $180,000.00 for this claim.  The exact details of what transpired with that claim and when can be obtained from the records of Travelers Insurance Company.

99. As a direct and proximate result of the various fraudulent activities enumerated above, the named Defendants have caused injury and damage to HIRI, including, but not limited to, loss of substantial sources of income, loss of a security clearance, loss of the ability to bid on other government-research projects, and other monetary damages and hardships which HIRI will continue to suffer in the future.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs demands judgment against Beverly Rodriguez; Eric Artrip; Hundley Batts, Jr.; and Hundley Batts & Associates Insurance Agency, LLC for compensatory and punitive damages in an amount to be determined by the Court, together with interest and costs of this action, including reasonable attorney's fees, and the award of such other, further, or different relief to which the Plaintiffs may be entitled.

**COUNT SEVEN**
**IDENTITY THEFT**

100. The Plaintiffs hereby reallege and incorporate by reference each and every allegation contained in the original Complaint as if set forth herein, and all of the allegations contained in the preceding paragraphs as if fully set forth herein.

101. On or about July 11, 2014, Beverly Rodriguez stole the identities of Jacquelene Reid and Lanona Sykes by appropriating their personal-profile information.  Ms. Rodriguez then used this information to make Ms. Reid and Ms. Sykes into fictitious employees of her company.  Ms. Rodriguez identity-theft action was executed for the purpose of obtaining general-liability and workers' compensation insurance-policies from Traveler's Insurance Company.  Ms. Rodriguez' actions were taken without the knowledge or permission of Jacquelene Reid or Lanona Sykes.

102. On or about July 30, 2014, Beverly Rodriguez stole the identity of Kevin Matthews by forging his signature on a Wells Fargo Business Account Application [See **Exhibit 7**] without his knowledge or permission.  Ms. Rodriguez' theft of Kevin Matthews' identity was undertaken to create a fraudulent bank account, which would facilitate Ms. Rodriguez' conversion of the $60,187.40 check that she stole from HIRI and, in addition, facilitate future defalcations.  Late, this action would prove fatal to the success of the scheme to eliminate original bank records and replace them with newly created alternative versions.  Kevin Matthews' presence on the fraudulent bank account allowed him to obtain copies of the original records before they were deleted by Wells Fargo personnel.

103. On or about July 11, 2014, Beverly Rodriguez effectively stole the corporate identity of HIRI when she falsely represented herself as being the CEO of HIRI and the owner of HIRI's

subcontract with General Dynamics.  This identity-theft action was taken in furtherance of her scheme to secure insurance policies from Travelers Insurance Company.  Securing the insurance policies was integral to her scheme to divert the subcontract from HIRI and into her control.

104. On or about July 9, 2014, Beverly Rodriguez effectively stole the identity of L.S. Riggins, M.D., when she signed the fraudulent contract-modification documents, on behalf of HIRI, which she submitted to General Dynamics.  On or about July 30, 2014, Ms. Rodriguez effectively stole the identity of L.S. Riggins, M.D. when she misrepresented the May 12, 2014 HIRI corporate resolution [See **Exhibit 2**] signed by him, as empowering her to open bank accounts and deposit funds on behalf of HIRI.  This action was taken in furtherance of her related scheme to create a fraudulent bank account, so she could negotiate the $60,187.40 check [See **Exhibit 1**] that she had stolen from HIRI.

105. On or about July 11, 2014, Hundley Batts, Jr. aided and abetted Ms. Rodriguez' theft of the respective identities of Jacquelene Reid and Lanona Sykes, when he represented to Travelers Insurance, that they were actual employees of Ms. Rodriguez.  Later, during the course of an insurance- premium audit, by Travelers Insurance, he again misrepresented that Ms. Rodriguez had actual employees who performed services for compensation.

106.  In a letter to Kevin Matthews, dated November 23, 2014, Beverly Rodriguez did three (3) things: (1) makes a threat; (2) offers a bribe; and (3) seeks retroactive justification of her illicit activities directed against HIRI.  The bribe was an offer to pay Kevin Matthews the sum of $9,859.07 if he would execute the Settlement Agreement and Release attached to her letter, and then communicate his acceptance of the same to Bob Black, a Wells Fargo Vice-

President in Fraud Prevention.   Kevin Matthews declined to accept the bribe and refused to execute the Release.   A copy of the November 23, 2014 letter, with Settlement Agreement and Release is Settlement attached hereto and incorporated by reference herein as **Exhibit16.**

107. If the money, Ms. Rodriguez offered for paying the bribe was derived from the stolen check, as she claimed, then, it was already HIRI's money.   This is proof that Ms. Rodriguez has no legitimate claim to the funds from HIRI's subcontract.

108.  Ms. Rodriguez effectively admits her guilt with the attempt to retroactively justify her illicit actions against HIRI, and obtain cover for her co-conspirators, in the "Settlement Agreement and Release."   The Settlement Agreement and Release contains 22 bullet points which go far outside the bounds of the May 12, 2014 corporate resolution hiring Ms. Rodriguez [See **Exhibit 2**] and seek to vastly expand her role as the Point of Contact for HIRI.

109. Three of those bullet points [reproduced here verbatim], are fatal to Ms. Rodriguez, and her co-conspirators.  Those bullet points are as follows: (1) Ensure HIRI regains recognition as the subcontract holder and get GDAIS to denounce any other unauthorized company to perform on the subcontract; (2) Develop business infrastructure for HIRI [e.g. obtain new EIN, Business Insurance, Security personnel, IT Training and Support, Office Space and Phone Services, Purchase laptops and computer accessories, Open Joint Bank Accounts]; and (3) Act as HIRI's Pay Agent whereas all funds from the GDAIS subcontract would get deposited into the Apexio Solutions business banking accounts for use in the business operations in support of HIRI.

110. If Ms. Rodriguez had actually possessed the aforesaid authority, at the time of her actions, she would not need to have it retroactively memorialized approximately four months after said actions were taken.  Item Number One was unnecessary at the time Ms. Rodriguez was hired.   HIRI's subcontract was in good standing.     HIRI's problems were the direct and proximate result of Ms. Rodriguez' attempt to hijack the subcontract, along with her theft of the General Dynamics check which initiated the problems.

111. Item Number Two confirms Ms. Rodriguez' complete lack of authority to open a bank account for HIRI.  This fact implicates Wells Fargo in her illicit scheme, for opening the fake bank-account.   Item Number Three illustrates her lack of authority to possess or deposit the stolen check, and is further tied to Item Two; because, Wells Fargo facilitated the processing of the stolen check to derive funds therefrom.  Item Three also effectively admits that the **Apexio HIR Institute EDU** bank account violates U.S.C. §1344 Bank Fraud; because it states that: *"… all funds from the GDAIS subcontract would get deposited into the Apexio Solutions business banking accounts…"*  Apexio Solutions, Inc. is Ms. Rodriguez legitimately existing company, which already had a business bank-account at Wells Fargo.

112. On or about December 28, 2014, Eric Artrip aided and abetted Ms. Rodriguez' theft of the respective identities of Jacquelene Reid and Lanona Sykes, when he assisted her in manufacturing fraudulent employment-documents, including pay-stubs, which were intended to give substance to the false claims and to support to the fiction that Jacquelene Reid and Lanona Sykes were actual, compensated, employees of Ms. Rodriguez' company.

113. As a direct and proximate result of the various identity-theft activities enumerated above, the named Defendants have caused injury and damage to the Plaintiffs, the extent of which may not be known for some time.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs, HIRI; L.S. Riggins, M.D.; Kevin Matthews; and Jacquelene Reid respectfully demand judgment against Beverly Rodriguez; Hundley Batts, Jr.; and Eric Artrip for compensatory and punitive damages in an amount to be determined by the Court, together with interest and costs of this action, including reasonable attorney's fees, and the award of such other, further, or different relief to which the Plaintiffs may be entitled.

## COUNT EIGHT
## VIOLATION OF 18 USCA §1962 [CIVIL RICO]

114. The Plaintiffs hereby reallege and incorporate by reference each and every allegation contained in the original Complaint as if set forth herein, and all of the allegations contained in the preceding paragraphs as if fully set forth herein.

114. Hundley Batts & Associates Insurance Agency, LLC is an enterprise engaged in business and the activities of which affect interstate commerce, to wit: a limited-liability company organized under the laws of the State of Alabama.

116. Apexio Solutions, Inc. is an enterprise engaged in business and the activities of which affect interstate commerce, to wit: a corporation organized under the laws of the State of Alabama.

117. Apexio HIR Institute EDU a/k/a Apexio HIR Institute EDU HIRI is an enterprise engaged in business and the activities of which affect interstate commerce, to wit: an alleged partnership organized under the laws of the State of Alabama; but, more technically Beverly Rodriguez d/b/a Apexio HIR Institute EDU.  In effect, it is her alter ego.

118. The combination of Defendants Beverly Rodriguez; Apexio Solutions, Inc.; Apexio HIR Institute EDU; Hundley Batts, Jr.; Hundley Batts, Sr.; Hundley Batts & Associates Insurance Agency, LLC; and Eric Artrip, constitutes an association-in-fact , through which the Defendants have operated in concert, both individually and in combination, in such a way as to constitute an enterprise,  the activities of which affect interstate commerce, to-wit:  a group of individuals, corporations and limited-liability companies  associated in fact to pursue the common purposes of committing: (1) identity-theft; (2) insurance-fraud; (3) diversion of a multi-million dollar subcontract from the rightful owner [HIRI]; (4) conspiracy to commit  the various aforesaid frauds; (5) and common-law  fraud and obstruction of justice by destruction of evidence.  All of the various fraudulent acts committed by one or more of the foregoing named Defendants were integral parts of the overall plan for the theft of HIRI's funds and other property.

119. Beverly Rodriguez; Hundley Batts, Jr.; Hundley Batts, Sr.; Hundley Batts & Associates Insurance Agency, LLC ; Apexio Solutions, Inc.; Apexio HIR Institute EDU; and Eric Artrip, as persons within the meaning of 18 USCA §1961(3), received income derived, directly or indirectly, from a pattern of racketeering activity; and, as persons employed by, or associated with, the above-named enterprises, conducted and participated, both directly and indirectly, in the activities and conduct of the affairs of the above-named enterprises through a

pattern of racketeering activity in violation of 18 USCA §1962(c).

120. The multiple predicate acts which constitute this pattern of racketeering activity are as follows: (1) common-law fraud; (2) mail fraud; (3) wire fraud (3) financial-institution fraud; (5) insurance fraud; (6) identity theft; (7) negotiation of a stolen check, constituting money-laundering; (8) obstruction of justice; and (9) conspiracy to commit the foregoing predicate acts. These predicate acts are set forth, in detail, at the respective Counts, to-wit: **Count One:** Theft and Theft by Deception; **Count Six:** Fraud; **Count Seven:** Identity Theft; **Count Eight:** Civil RICO; and **Count Nine:** Civil Conspiracy.

121. The multiple acts of racketeering, enumerated above and all of which occurred within ten (10) years of one another, constitute a pattern of racketeering activity within the meaning of 18 USCA §1961(5).

122. The combination of Defendants Beverly Rodriguez; Apexio HIR Institute EDU; Eric Artrip, and various employees of Wells Fargo Bank, N.A., constitutes an association-in-fact, through which the Defendants have operated in concert, both individually and in combination, in such a way as to constitute an enterprise, the activities of which affect interstate commerce, to-wit: a group of individuals and corporations associated in fact to pursue the common purposes of committing: (1) defalcation of funds [from HIRI]; (2) financial-institution fraud; (3) embezzlement of funds [from Wells Fargo]; (4) conspiracy to commit the various aforesaid frauds; and (5) common-law fraud and obstruction of justice by destruction and alteration of evidence [bank records]. All of the various fraudulent acts committed by one or more of the foregoing named Defendants were integral parts of the overall plan for theft of HIRI's funds and

other property.

123.  Beverly Rodriguez; Apexio Solutions, Inc.; Apexio HIR Institute EDU; Eric Artrip, and various employees of Wells Fargo Bank, N.A. as persons within the meaning of 18 USCA §1961(3), received income derived, directly or indirectly, from a pattern of racketeering activity; and, as persons employed by, or associated, with, the above-named enterprises, conducted and participated, both directly and indirectly, in the activities and conduct of the affairs of the above-named enterprises through a pattern of racketeering activity in violation of 18 USCA §1962(c).

124.  Wells Fargo Bank, N.A. although not a named Defendant in this action, has exposure to *respondeat superior* liability for the renegade actions of its various employees and agents, who conspired with Beverly Rodriguez to commit multiple acts of financial-institution fraud and assisted with other illicit activities.  The Wells Fargo Bank employees and agents used the power and authority of their respective positions, within Wells Fargo, to aid, abet, and otherwise assist and facilitate the execution of Rodriguez' illicit activities and schemes.

125.  Wells Fargo Bank, N.A. is also guilty of negligent supervision and retention of these respective employees and agents, who have aided, abetted and facilitated the various fraudulent acts delineated above, despite the fact that Wells Fargo's management was informed of the occurrence of irregular activities in the bank branch in question.  See **Exhibit 10** and **Exhibit 11**.  The existence of serious problems inside the University Branch of Wells Fargo, in Huntsville, Alabama, was reported to Wells Fargo as recently as March 29, 2018, in a letter to Craig Chiang, Wells Fargo General Counsel.  A copy of the Chiang Letter is attached hereto and incorporated by reference herein as **Exhibit 17.**

126.   The association-in-fact of Defendants Beverly Rodriguez; Apexio HIR Institute EDU; Eric Artrip, and various agents and employees of Wells Fargo Bank, N.A., operating  in concert, both individually and in combination, have committed the following acts of financial-institution fraud, wire-fraud, money-laundering, aiding and abetting identity-theft, violation of the Patriot Act, violation of the Bank Secrecy Act, destruction of evidence, obstruction of justice, embezzlement, and theft of funds.

127. The above-named association-in-fact has conducted its affairs through a pattern of racketeering activity in violation of 18 USCA §1962(c).  The multiple predicate acts which were committed in support of Beverly Rodriguez' fraudulent scheme, by and through the agents and employees of Wells Fargo, constitute a pattern of racketeering activity, and exposed Wells Fargo Bank, N.A. to vicarious liability under the doctrine of *respondeat superior.*  The various acts are delineated herein below, in a series of bullet points.

- Wells Fargo knowingly participated in the theft of Kevin Matthews' identity; accepted a bank-account application document with forged signatures; failed to do proper due diligence regarding the imaginary partnership Apexio HIR Institute EDU, and thereby also violated the Patriot Act.  See **Exhibit 7.**

- Wells Fargo aided and abetted the theft of funds belonging to Huntsville International Research Institute ["HIRI"] and Dr. L. S. Riggins, the Chairman of HIRI, by attempting to facilitate the conversion of a check, stolen from HIRI, into cash.  See **Exhibit 1.**

- Wells Fargo Fraud Investigator Damien Armstrong made a finding that the Apexio HIR Institute EDU bank account was used to commit fraud.  Instead of taking corrective action, Wells Fargo and its attorneys doubled down on the fraud and exacerbated it through an attempted cover-up.  See **Exhibit 13.**

- Wells Fargo employees and attorneys destroyed original bank-records related to the embezzlement of funds and the fake deposit, of the stolen check, by creating new,

fraudulent records in their place to conceal what actually occurred.  This activity was also taken to conceal the true origin of the funds put into the Apexio Solutions, Inc. bank account, so that Beverly Rodriguez could steal them.   See the account history of the Apexio HIR Institute EDU bank account, which is attached hereto and incorporated by reference herein as **Exhibit 18.**

- The funds which Beverly Rodriguez obtained through withdrawals, at Well Fargo Bank, are the product of embezzlement from either a Wells Fargo customer, or from Wells Fargo itself.  This action could not have occurred without the connivance and collusion of the branch manager and possibly other Wells Fargo employees.  See the **Affidavit of Wiley Day, Jr.,** a copy of which is attached hereto and incorporated by reference herein as **Exhibit 19.**

- Wells Fargo employees, and possibly others, have either concealed or destroyed FINCEN Form 104 which would reveal the source of the funds that were deposited and then presented as coming from the stolen HIRI check.  This document could resolve questions about the funds taken by Ms. Rodriguez.  It is also a violation of the Bank Secrecy Act to conceal or destroy this document.

132. HIRI was injured in its business or property by reason of this violation of 18 USCA § 1962, in that, as a direct and proximate result of the Defendants' illicit acts,  HIRI suffered damages, including the following: (1) loss of a $60,187.40 check stolen or otherwise intercepted from the mail; (2) loss of a self-renewing classified government-research subcontract valued at approximately $5 million dollars; (3) theft of HIRI's corporate identity; (4) loss of HIRI's security clearance;(5) loss of a $103.00 premium-refund check;  and (6) loss of the ability to obtain future government-research subcontracts and grants due to the loss of the security clearance.

128. Kevin Matthews was injured in his business or property by reason of this violation of 18 USCA §1962, in that, as a direct and proximate result of the Defendants' illicit acts, Kevin Matthews suffered damages from the theft of his identity and the attempt to associate him with fraudulent activities.

129. Jacquelene Reid was injured in her business or property by reason of this violation of 18 USCA §1962, in that, as a direct and proximate result of the Defendants' illicit acts, Jacquelene Reid suffered damages from the theft of her identity and the attempt to associate her with fraudulent activities.

130. Dr. L.S. Riggins was injured in his business or property by reason of this violation of 18 USCA §1962, in that, as a direct and proximate result of the Defendants' illicit acts,  Dr. L.S. Riggins suffered damages from the theft of his identity and the attempt to associate him with fraudulent activities.

131. By reason of the named Defendants' violation of 18 USCA §1962, HIRI is entitled, pursuant to 18 USCA §1964(c), to threefold the amount of damages sustained: (1) from the loss of its subcontract, the amount of said damages is to be determined by the court; (2) threefold the amount of damages sustained, from the loss of its $60,177.40 check, or $180,562.22; (3) threefold the amount of damages sustained, from the loss of its $103.00 check, or $309.00; (4) interest on all of the foregoing sums calculated  at six-percent (6.00%) per annum, and (5) a reasonable attorney's fee in connection herewith.

132. By reason of the named Defendants' violation of 18 USCA §1962, Kevin Matthews is entitled, pursuant to 18 USCA §1964(c), to threefold the amount of damages sustained, the amount of said damages is to be determined by the court, along with interest thereon at six-percent (6.00%) per annum, and a reasonable attorney's fee in connection herewith.

133. By reason of the named Defendants' violation of 18 USCA §1962, Jacquelene Reid

is entitled, pursuant to 18 USCA §1964(c), to threefold the amount of damages sustained, the amount of said damages is to be determined by the court, along with interest thereon at six-percent (6.00%) per annum, and a reasonable attorney's fee in connection herewith.

134. By reason of the named Defendants' violation of 18 USCA §1962, Dr. L.S. Riggins is entitled, pursuant to 18 USCA §1964(c), to threefold the amount of damages sustained, the amount of said damages is to be determined by the court, along with interest thereon at six-percent (6.00%) per annum, and a reasonable attorney's fee in connection herewith.

**WHEREFORE, PREMISES CONSIDERED,** the named Plaintiffs pray for an Order granting judgment against the Defendants Beverly Rodriguez; Hundley Batts, Jr.; Hundley Batts, Sr.; Hundley Batts & Associates Insurance Agency, LLC; and Eric Artrip, and each of them, as follows:

(1) For threefold the damages actually sustained from the loss of the renewable subcontract and the costs of suit, for Plaintiff HIRI, including a reasonable attorney's fee, pursuant to 18 USCA §1964(c) with interest thereon at the rate of six-percent (6.00%) per annum;

(2) For threefold the damages actually sustained from the theft of the $60,187.40 check and the costs of suit, in a sum not less than $180,562.22 for Plaintiff HIRI, including a reasonable attorney's fee, pursuant to 18 USCA §1964(c) with interest thereon at the rate of six-percent (6.00%) per annum;

(3) For threefold the damages actually sustained from the theft of the $103.00 refund

check and the costs of suit, in a sum not less than $309.00 for Plaintiff HIRI, including a reasonable attorney's fee, pursuant to 18 USCA §1964(c) with interest thereon at the rate of six-percent (6.00%) per annum;

(4) For threefold the damages actually sustained, in an amount to be determined by the Court,  and the costs of suit,  for Plaintiff Kevin Matthews, along with interest thereon at six-percent (6.00%) per annum

(5) For threefold the damages actually sustained, in an amount to be determined by the Court, and the costs of suit, for Plaintiff Jacquelene Reid, along with interest thereon at six-percent (6.00%) per annum

(6) For threefold the damages actually sustained, in an amount to be determined by the Court, for Plaintiff Dr. L.S. Riggins, along with interest thereon at six-percent (6.00%) per annum

(7) For such other and further relief as the Court may deem appropriate, for each Plaintiff,  pursuant to 18 USCA §1964; and

(8) For such other and further relief as the Court may deem proper and just, for each Plaintiff, in light of the premises.

## COUNT NINE
## CIVIL CONSPIRACY

135. The Plaintiffs hereby reallege and incorporate by reference each and every allegation contained in the original Complaint as if set forth herein, and all of the allegations contained in the preceding paragraphs as if fully set forth herein.

136. The Defendants Beverly Rodriguez, Hundley Batts, Jr., Hundley Batts, Sr., Eric Artrip and various employees of Wells Fargo Bank, N.A. conspired among themselves at various times to wrong, injure, damage, defraud and deceive the named Plaintiffs by: (1) the theft and conversion of funds belonging to HIRI; (2) the theft of the Plaintiffs' respective identities; (3) preparing fraudulent documentation to support and underpin their illicit activities, with regard to both insurance-fraud and financial-institution fraud; (4) attempting to divert HIRI's multi-million dollar subcontract; and (5) obstruction of justice through destruction of evidence, relating to both insurance-fraud and financial-institution fraud.

137. The Defendants Beverly Rodriguez, Hundley Batts, Jr., Hundley Batts, Sr., and Eric Artrip have taken action and committed various  acts in furtherance of the interrelated conspiracies that constitute the overall plan of illicit activity.

138. Through their conspiracy, the Defendants Beverly Rodriguez, Hundley Batts, Jr., Hundley Batts, Sr., and Eric Artrip have, acting jointly and severally, caused each one of the individual Plaintiffs to suffer significant and continuous damages, injury and loss in varying amounts.

139. The Defendants Beverly Rodriguez, Eric Artrip, and various employees of Wells Fargo Bank, N.A., working individually and in concert, have acted and committed various acts in furtherance of the interrelated conspiracies that constitute the overall plan of illicit activity.

44

140. Through their conspiracy, the Defendants Beverly Rodriguez, Eric Artrip, and various employees of Wells Fargo Bank, N.A., have, acting jointly and severally, caused each one of the individual Plaintiffs to suffer significant and continuous damages, injury and loss in varying amounts.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs demands judgment against Beverly Rodriguez; Hundley Batts, Jr.; Hundley Batts, Sr.; and Eric Artrip for compensatory and punitive damages in an amount to be determined by the Court, together with interest and costs of this action, including reasonable attorney's fees, and the award of such other, further, or different relief to which the Plaintiffs may be entitled.

## COUNT TEN
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

141. The Plaintiffs, hereby reallege and incorporate by reference each and every allegation contained in the original Complaint as if set forth herein, and all of the allegations contained in the preceding paragraphs as if fully set forth herein.

142. The various illicit actions taken by Beverly Rodriguez; Hundley Batts, Jr.; Hundley Batts & Associates Insurance Agency, LLC; and Eric Artrip were executed with reckless disregard for the rights of HIRI. These acts coupled with their individual and collective acts of negligence, malpractice, identity theft; and fraudulent misrepresentation; and defalcation, the Defendants have interfered with HIRI's ability to earn an income, conduct its business operations and secure additional contracts, to the point that HIRI has been forced to cease its operations.

143. As a direct and proximate result of the various actions taken by Beverly Rodriguez; Hundley Batts, Jr.; Hundley Batts & Associates Insurance Agency, LLC; and Eric Artrip, HIRI has suffered significant and on-going injury and damage to its respective business relationships.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs demands judgment against Beverly Rodriguez; Hundley Batts, Jr.; Hundley Batts, Sr.; and Eric Artrip for compensatory and punitive damages in an amount to be determined by the Court, together with interest and costs of this action, including reasonable attorney's fees, and the award of such other, further, or different relief to which the Plaintiffs may be entitled.

## COUNT ELEVEN
### CONVERSION OF FUNDS

144. The Plaintiffs, reallege and incorporate by reference each and every allegation contained in the original Complaint as if set forth herein, and all of the allegations contained in the preceding paragraphs as if fully set forth herein.

145. Beverly Rodriguez, by intercepting and appropriating to her own use and benefit, the property of HIRI in the Form of a check, in the amount of $60,187.40, which was payable to HIRI, converted said check, by holding it to the exclusion of and in defiance of HIRI's rights to the check, with the intent to permanently deprive HIRI of the funds represented by the check.

146. By converting the $60,187.40 check to her personal use, Beverly Rodriguez deprived HIRI of operating capital and thereby caused injury and damage to HIRI.

147. Beverly Rodriguez intercepted and converted a second check, to her own use and purposes, in the approximate amount of $103.00, which represented a partial refund of the

premium paid for the fraudulent insurance policies that Beverly Rodriguez obtained from the Travelers Insurance Company.

148. Both of the aforesaid checks were specifically for HIRI and thus were segregated and earmarked as payable to HIRI. Therefore, the associated funds represented by those checks are identifiable as the specific property of HIRI.

149. As a direct and proximate result of the conversion of these two checks, by Beverly Rodriguez, HIRI has been caused to suffer injury and damages.

**WHEREFORE, PREMISES CONSIDERED,** HIRI demands judgment against Beverly Rodriguez for compensatory and punitive damages in an amount to be determined by the Court, together with interest and costs of this action, including reasonable attorney's fees, and the award of such other, further, or different relief to which the Plaintiffs may be entitled.

## COUNT TWELVE
## UNJUST ENRICHMENT

150. The Plaintiffs, hereby reallege and incorporate by reference each and every allegation contained in the original Complaint as if set forth herein, and all of the allegations contained in the preceding paragraphs as if fully set forth herein.

151. The Defendants Beverly Rodriguez and Hundley Batts & Associates Insurance Agency, LLC have been unjustly enriched, at the expense of HIRI, through the conversion of two separate checks due and payable to HIRI. Hundley Batts, Jr. and Hundley Batts, Sr. have also benefited indirectly from these defalcations by virtue of their membership/ownership of

Hundley Batts & Associates Insurance Agency, LLC, and the commissions paid to them by Travelers Insurance Company, for producing the fraudulent insurance-policies.

152. Beverly Rodriguez has been unjustly enriched, at the expense of HIRI, by the amounts of $60,187.40 and approximately $103.00, which represent the respective values of the HIRI checks which she intercepted and converted to her own use.

153. Beverly Rodriguez has been unjustly enriched in unknown amounts as a result of: (1) the fraudulent claim she made against Travelers Insurance for the alleged unpaid salaries of the fictitious employees of her fake company; and (2) the fraudulent claim she made against the FDIC for replacement of the funds from the check which she stole from HIRI.

154. Hundley Batts & Associates Insurance Agency, LLC has been unjustly enriched in unknown amount from the commissions it received on the $1,500.00 premium paid to Travelers Insurance Company on the fraudulent insurance policies obtained from Travelers Insurance Company.  Hundley Batts, Jr. and Hundley Batts, Sr. benefited indirectly from this payment by virtue of their membership/ownership of Hundley Batts & Associates Insurance Agency, LLC.

155. As a direct and proximate result of the unjust enrichment of these Defendants, HIRI has been caused to suffer injury and damages.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs demands judgment against Beverly Rodriguez; Hundley Batts & Associates Insurance Agency, LLC; Hundley Batts, Jr.; and Hundley Batts, Sr. for compensatory and punitive damages in an amount to be determined by the

Court, together with interest and costs of this action, including reasonable attorney's fees, and

the award of such other, further, or different relief to which the Plaintiffs may be entitled.

PLAINTIFFS DEMAND TRIAL BY STRUCK JURY.

SERVE THE DEFEANDANTS AS FOLLOWS:

Eric Artrip
301 Washington Street NW
Suite 302
Huntsville, AL 35801

Beverly Rodriguez
129 Jacque Jim Drive
Huntsville, AL 35810

Hundley Batts, Jr.
225-B Spraggins Street
Huntsville, AL 35804

Apexio HIR Institute EDU
515 Sparkman Drive
Suite 307
Huntsville, AL 35816

Hundley Batts & Assoc. Ins. Agency, LLC
225-B Spraggins Street
Huntsville, AL 35804

Hundley Batts, Sr.
225-B Spraggins Street
Huntsville, AL 35804

Respectfully submitted the 7th day of July, 2018.

/s/ Paul Ricky Kornis
Paul Ricky Kornis
ASB-4384-O75P
Attorney for Plaintiffs

OF COUNSEL:
KORNIS & ASSOCIATES, PC
4000 Eagle Pointe Corp. Drive
Birmingham, Alabama 35242
 (205) 259-1919